Elizabeth R. Ison  (State Bar No. 138382)
Stephen D. Geist (SBN 178839)
THE ISON LAW GROUP
3220 M Street
Sacramento, California  95816
Telephone:     (916) 492-6555
Facsimile:      (916) 492-6556
eison@theisonlawgroup.com

Attorneys for Defendants
ENTERPRISE RENT-A-CAR COMPANY and
ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY D. JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> ENTERPRISE RENT-A-CAR, INC. and ENTERPRISE RENT-A-CAR OF SACRAMENTO, INC. and Does 1 through 10 inclusive, <br><br> Defendants. <br> _____/ | Case No.  2:05-CV-01229-WBS-KJM <br><br> **STIPULATED PROTECTIVE ORDER (MODIFIED BY COURT)** |

Subject to the approval of this Court, Defendants ENTERPRISE RENT-A-CAR COMPANY and ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO (hereinafter "Defendants" or "ENTERPRISE"), and Plaintiff RODNEY D. JOHNSON ("Plaintiff" or "JOHNSON"), hereby stipulate and agree as follows:

1.     In his complaint, Plaintiff alleges that he was subjected to race-based discrimination with regard to the terms of his employment, including allegations that he was ultimately terminated as a result of his alleged complaints regarding disparate treatment.  At the

time of his termination, Plaintiff held the title of Area Car Sales Manager. Discovery relevant to the issues raised in this lawsuit are likely to require reference to and/or disclosure of information that is and/or makes reference to confidential, private, or trade secret information.

2. Good cause exists for the issuance of this Stipulated Protective Order in that Plaintiff and Defendants seek to have reasonable access during the discovery process to information relevant to liability and damages in this lawsuit while providing the Parties with a means for limiting access to, and disclosure of, confidential, private, or trade secret information.

3. The purpose of this Order is to create a mechanism whereby the parties can file documents conditionally under seal pursuant to the California Rules of Court, Rule 243.2. This Order is intended only to regulate the handling of documents throughout the discovery process. A document's designation pursuant to this Order shall have no bearing on whether any legal protections are afforded that particular document. Furthermore, a party's failure to designate a particular document as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not prejudice that party. Any failure to so designate a document shall be completely curable at any time upon providing notice to counsel under the terms of this Order.

4. Plaintiff or Defendants may designate all or portions of any document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Order. Material designated as "CONFIDENTIAL" under the Order ("CONFIDENTIAL INFORMATION") may be used only for the purpose of prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose. CONFIDENTIAL INFORMATION includes: (a) confidential or sensitive proprietary, business, commercial, and personal information; (b) information about current, past, or prospective employees that is of a confidential or private nature; and (c) confidential or sensitive proprietary, business, commercial and personal information regarding clients or affiliated entities which the parties are obligated by law or contract to protect; (d) any trade secret information under the Uniform Trade Secrets Act (Civil Code §§ 3426.1-11), confidential information, or proprietary

information.  The Parties agree that the production of such testimony or materials shall not constitute a waiver of any such claims or defenses.

     5.    CONFIDENTIAL INFORMATION shall be so designated by stamping/marking copies of the document produced or testimony with the legend "CONFIDENTIAL." Stamping/marking the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, and stamping/marking on a label on any electronic storage medium shall designate the contents of such electronic storage medium as CONFIDENTIAL INFORMATION.  Whether or not any evidence or testimony is, in fact, designated as "CONFIDENTIAL" shall not be determinative of whether it is lawfully entitled to protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

     6.    CONFIDENTIAL INFORMATION produced pursuant to his Order shall be disclosed, revealed, or disseminated only to the Court, counsel of record for the Parties, their associate attorneys, paralegals, secretaries and clerical staff, and court or deposition reporters, and to the persons designated below:

        (a) Defendants identify:  Susan Irwin and Natalie Biehl;

        (b) Plaintiff identifies:   Rodney Johnson;

        (c) A witness at deposition, hearing, or at trial during the course of their testimony;

        (d) Experts and consultants retained by counsel in the prosecution, defense, or settlement of this action; and

        (e) Any other person as to whom the Parties agree in writing (collectively, "CONFIDENTIAL INFORMATION QUALIFIED PERSON").  The Parties agree to cooperate in good faith should the need arise to identify additional persons as CONFIDENTIAL INFORMATION QUALIFIED PERSONS.

     7.    Prior to reviewing any CONFIDENTIAL INFORMATION, the CONFIDENTIAL INFORMATION QUALIFIED PERSONS identified in paragraph 6(a)

through (e) shall execute the Non-Disclosure Agreement in the form of Attachment "A". Counsel for the Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein. Copies of CONFIDENTIAL INFORMATION may be reproduced, distributed or transmitted only to CONFIDENTIAL INFORMATION QUALIFIED PERSONS. Nothing in this Order shall limit the CONFIDENTIAL INFORMATION QUALIFIED PERSONS from discussing the contents of CONFIDENTIAL INFORMATION with other CONFIDENTIAL INFORMATION QUALIFIED PERSONS.

    8. Testimony taken at a deposition may be designated as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing information designated as confidential to bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. Such portions of the deposition shall be conducted only before CONFIDENTIAL INFORMATION QUALIFED PERSONS.

    9. Plaintiffs or Defendants may also designate all or portions of any document, thing, material, testimony, or other information derived therefrom as "ATTORNEYS' EYES ONLY." Material designated as "ATTORNEYS' EYES ONLY" ("ATTORNEYS' EYES ONLY MATERIAL") under the Order may be used only for the purpose of prosecution, defense, discovery, mediation or settlement of this action and not for any other purpose. ATTORNEYS' EYES ONLY MATERIAL shall include only highly sensitive, confidential or proprietary financial information. The Parties agree that the production of such testimony or materials shall not constitute a waiver of any such claims or defenses.

    10. ATTORNEYS' EYES ONLY MATERIAL shall be so designated by stamping/marking copies of the document produced with the legend "ATTORNEYS' EYES ONLY." Stamping/marking the legend "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as ATTORNEYS' EYES ONLY

MATERIAL, and stamping/marking a label on any electronic storage medium shall designate the contents of such electronic storage medium as ATTORNEYS' EYES ONLY MATERIAL. Whether or not any evidence or testimony is, in fact, designated as "ATTORNEYS' EYES ONLY MATERIAL" shall not be determinative of whether it is entitled to lawful protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

11.   ATTORNEYS' EYES ONLY MATERAL produced pursuant to this Order shall be disclosed to or viewed by only the Court, counsel of record for the Parties and/or in-house counsel of the Parties, their associate attorneys, paralegals, secretaries and clerical staff, court reporters, deposition reporters, and the following persons:

(a)   Expert and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(b)   An employee or agent of the party who designated such information as ATTORNEYS' EYES ONLY MATERIAL:

(c)   Any other person as to whom the Parties agree in writing (collectively, "ATTORNEYS' EYES ONLY QUALIFIED PERSONS"). The Parties agree to cooperate in good faith should the need arise to identify additional ATTORNEYS' EYES ONLY QUALIFED PERSONS.

12.   Prior to reviewing any ATTORNEYS' EYES ONLY MATERIAL, each of the ATTORNEYS' EYES ONLY QUALIFIED PERSONS identified in paragraph 11(a) through (c) shall execute the Attorneys' Eyes Only Material Non-disclosure Agreement in the form of Attachment "B". Counsel for the Parties must retain copies of any executed ATTORNEYS' EYES ONLY MATERIAL NON-DISCLOSURE AGREEMENTS and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein. Copies of ATTORNEYS' EYES ONLY MATERIAL may be reproduced, distributed or transmitted only to ATTORNEYS' EYES ONLY QUALIFIED PERSONS. Nothing in this Order shall limit the ATTORNEYS' EYES ONLY QUALIFIED PERSONS from discussing the contents of ATTORNEYS' EYES ONLY MATERIAL with other ATTORNEYS' EYES

ONLY QUALIFIED PERSONS or CONFIDENTIAL INFORMATION QUALIFIED PERSONS.

13. Testimony taken at a deposition may be designated as ATTORNEYS' EYES ONLY MATERIAL by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing information designated as ATTORNEYS' EYES ONLY MATERIAL to bind such portions of the transcript containing information designated as ATTORNEYS EYES ONLY MATERIAL, and to label such portions appropriately. During testimony designated as ATTORNEYS' EYES ONLY MATERIAL, such a deposition shall be taken only in the presence of CONFIDENTIAL INFORMATION QUALIFIED PERSONS and/or ATTORNEYS' EYES ONLY QUALIFED PERSONS. Should the need arise to offer testimony at a hearing or trial to present evidence of ATTORNEYS' EYES ONLY MATERIAL, the Parties will execute a second stipulated protective order for that purpose.

14. Notwithstanding the above, the Parties do not waive any right to challenge whether the material designated or not designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is properly designated or not designated as such, and do not waive any right to challenge at any hearing, trial or other proceeding, whether such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is, in fact, confidential or private or whether it is entitled to protection under the Uniform Trade Secrets Act, or any other legal or contractual protection.

15. If CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is included in any papers filed in this Court, such papers shall be labeled "Conditionally Under Seal" as provided in California Rules of Court, Rule 243.2, and lodged with the Court. The Court, in its discretion under California Rules of Court, Rule 243.1, may upon noticed motion order that a record be filed under seal if it expressly finds that: (1) there exists an overriding interest that overcomes the right of the public access to such a record; (2) the overriding interest supports sealing the record; (3) a substantial probability exists that the

overriding public interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest. Any hearing in which any party mentions, refers to, or describes CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL shall, in the Court's discretion, be in camera or with any persons who are not CONFIDENTIAL INFORMATION QUALIFIED PERSONS and/or ATTORNEYS EYES ONLY QUALIFIED PERSONS, excused from the proceedings during the presentation of such testimony.

16.   If through inadvertence, Plaintiff or Defendant produces or offers as testimony any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL without labeling it or otherwise designating it as such, at any time, the producing Party may give written notice designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL.

17.   The terms of this Order shall survive the final termination of this action and shall be binding on the Parties thereafter.

18.   Within ten (10) days of the termination or settlement of this action, the Parties must simultaneously exchange and surrender any CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL. Upon surrendering to the other side CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the surrendering party must also execute and furnish to the other side the SURRENDER OF CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY MATERIAL AGREEMENT, in the form of Attachment "C".

//
//
//

19. This Order is subject to modification by stipulation or by further order of the Court.

IT IS AGREED.

                                                THE ISON LAW GROUP

Dated: April 24, 2006            By: /s/ Elizabeth R. Ison
                                                Elizabeth R. Ison, Esq.
                                                Attorney for Defendants
                                                ENTERPRISE RENT-A-CAR COMPANY
                                                AND ENTERPRISE RENT-A-CAR
                                                COMPANY OF SACRAMENTO

                                                JOHNSON & JOHNSON

Dated: April 24, 2006            By: /s/ Peter Johnson
                                                Peter Johnson, Esq.
                                                Attorney for Plaintiff

**ORDER**

The stipulation of the parties is approved with the exception of paragraphs 3 and 15. To the extent the parties seek to file any documents covered by the protective order under seal, they shall follow this court's procedures as set forth in Local Rules 39-140 and 39-141, and upon the filing of a motion to seal, shall provide paper copies of the documents covered by such motion to the chambers of the assigned magistrate judge for review in connection with determining the motion.

IT IS SO ORDERED.

Dated: April 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT "A"

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

Re: **Rodney Johnson v. Enterprise Rent-A-Car, et al.**
    **U.S. District Court, Eastern District, Case No. 2:05 CV 01229 WBS**

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2) I agree that I am a "CONFIDENTIAL INFORMATION QUALIFIED PERSON" as set forth in paragraph 6(a) through (e) of the Order.

(3) As a CONFIDENTIAL INFORMATION QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person, except as provided in the Stipulated Protective Order. I further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As a CONFIDENTIAL INFORMATION QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.

(5) By signing this CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Date: _____          _____
                                  [Sign Name]

                                  _____
                                  [Print Name]

## ATTACHMENT "B"

## ATTORNEYS' EYES ONLY MATERIAL NON DISCLOSURE AGREEMENT

Re: <u>Rodney Johnson v. Enterprise Rent-A-Car, et al.</u>
   <u>U.S. District Court, Eastern District, Case No. 2:05 CV 01229 WBS</u>

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2) I agree that I am an "ATTORNEYS' EYES ONLY QUALIFIED PERSON" as set forth in paragraph 11(a) through (c) of the Order.

(3) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I will not disclose any of the ATTORNEYS' EYES ONLY MATERIAL to any third person, except as provided in the Stipulated Protective Order. I further agree that my use of any ATTORNEYS' EYES ONLY MATERIAL shall be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all ATTORNEYS' EYES ONLY MATERIAL which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.

(5) By signing this Attorneys' Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Date: _____     _____
                              [Sign Name]

                              _____
                              [Print Name]

## ATTACHMENT "C"

## SURRENDER OF CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY MATERIAL AGREEMENT

**Re: Rodney Johnson v. Enterprise Rent-A-Car, et al.**
   **U.S. District Court, Eastern District, Case No. 2:05 CV 01229 WBS**

The undersigned hereby represents and declares under penalty of perjury under the laws of the State of California that pursuant to paragraph 18 of the Stipulated Protective Order ("Order"), all CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL within the undersigned's possession, custody, or control was surrendered to the party designating such information.

The surrender of all CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL occurred pursuant to the Stipulated Protective Order as of the following date: _____

Date: _____           _____
                                  [Sign Name]

                                  _____
                                  [Print Name]