Elizabeth R. Ison  (State Bar No. 138382)
Stephen D. Geist (SBN 178839)
THE ISON LAW GROUP
3220 M Street
Sacramento, California  95816
Telephone:     (916) 492-6555
Facsimile:      (916) 492-6556

Attorneys for Defendants
ENTERPRISE RENT-A-CAR COMPANY and
ENTERPRISE RENT-A-CAR COMPANY OF
SACRAMENTO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY D. JOHNSON | Case No.  2:05-CV-01229-WBS-KJM |
| Plaintiff, | **STIPULATED ORDER EXTENDING EXPERT DISCLOSURE DEADLINE** |
| vs. | |
| ENTERPRISE RENT-A-CAR, INC. and ENTERPRISE RENT-A-CAR OF SACRAMENTO, INC. and Does 1 through 10 inclusive, | |
| Defendants. | |
| _____/ | |

### I.      Stipulation

Subject to the approval of this Court, Defendants ENTERPRISE RENT-A-CAR

COMPANY and ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO (hereinafter

"Defendants" or "ENTERPRISE"), and Plaintiff RODNEY D. JOHNSON ("Plaintiff" or

"JOHNSON"), hereby stipulate and agree as follows:

1.      That the expert disclosure deadlines contained in the Court's Status (Pretrial

Scheduling) Order signed by Judge William B. Schubb on May 4, 2006, be extended by ninety

(90) days.  Accordingly, Plaintiff's deadline to disclose experts and produce reports will be

---

changed from July 28, 2006 to October 28, 2006, and Defendants' deadline to disclose experts will be changed from August 11, 2006 to November 11, 2006.

## II.     Brief Summary of Case

This is a claim for employment discrimination based on race brought under Title VII of the Civil Rights Act and 42 U.S.C. § 1981 (Civil Rights Act of 1866).  Plaintiff is a former employee of Enterprise Rent-A-Car of Sacramento where he was employed as an Area Car Sales Manager until he was terminated in March 2004.  Plaintiff contends that during his employment he was denied various promotions and other benefits as a result of his race (Black, African American).  Plaintiff further contends that he complained about the manner which he and other Black, African Americans employees were treated and that he was terminated as a result of his complaints.

Defendants deny Plaintiff's allegations of racial discrimination and retaliation. Defendants contend that Plaintiff was fired for a legitimate, non-discriminatory reason involving dishonesty in a transaction with a client followed by further deception to his supervisor in an effort to conceal his dishonest transaction.  This triggering event follows a history of disciplinary and performance problems that further compelled his termination.  Defendant further contends that Plaintiff never applied for the promotions he claims to have been denied, nor did he complain to his superiors about racial discrimination.

In addition to the underlying employment issues presented in this case, a second issue exists regarding whether or not Enterprise Rent-A-Car Company is a proper defendant in this case.  Defendants maintain that Enterprise Rent-A-Car Company, although a parent company to Enterprise Rent-A-Car Company of Sacramento, is not Plaintiff's employer and cannot be liable for the claims raised in this lawsuit.  In contrast, Plaintiff seeks to hold the parent company liable

under an integrated enterprise theory.  The parties anticipate discovery related to this issue is distinct, at least in part, to discovery on the underlying employment claims.

### III.    Good Cause Exists For This Stipulation

Good cause exists for this Stipulation because the parties cannot meaningfully evaluate their expert needs until further discovery is completed.  In addition, even if expert needs could be determined at this early stage of discovery, there is insufficient time for experts to review evidence relevant to their opinions, much of which is yet to be gathered through the discovery process.

Although the parties have approximately five (5) more months to conduct discovery in this matter, they have only one (1) month left before the expert disclosure and reports must be produced.  Unfortunately, discovery is still in its early stages.  Both parties have served their initial disclosures in this case.  In addition, Defendants have served written discovery on Plaintiff, and anticipates written responses by the end of June 2006.  Plaintiff's deposition is scheduled to commence on July 6, 2006.  In addition, several of Defendants' employees (many of whom reside outside of California) are scheduled for depositions starting on July 20 and on several dates thereafter.  Furthermore, Defendants are attempting to serve a subpoena on a former employee identified by Plaintiff as having relevant information to his case.

Despite this forward motion on discovery, the expert disclosure deadlines (July 28, 2006 and August 11, 2006) literally fall on the heels of this early discovery.  Indeed, further depositions and discovery are contemplated.  Most notably, the parties have agreed to first focus primarily on the underlying employment claims in the continued hope that this discovery might lead to informal resolution.  Accordingly, discovery relating to the parent-subsidiary relationship of the two defendants in this case have not yet been scheduled.  In sum, given the early stage of

discovery, meaningful compliance with the expert disclosure deadlines is not possible.  The parties will be prejudiced if they must meet these deadlines as they will be forced to evaluate their expert needs prematurely and produce expert reports that are based on a hasty review of incomplete evidence.

Furthermore, the parties are not delinquent in pursuing their discovery.  The parties attempted to mediate this matter in early April 2006, and agreed to stay discovery until after mediation.  Indeed the parties advised the Court in their initial Joint Status Conference Statement of this fact and presumably the Court's continuance of the Status Conference was based on that factor.  Having failed to resolve the matter at mediation, the parties submitted their updated Joint Status Conference Statement on or around April 24, 2006.  Thereafter, the Court issued its Status (Pretrial Scheduling) Order on May 5, 2006 based on the Joint Status Conference Statement of the parties and without appearances requested or made by counsel.  Written discovery was served shortly thereafter and efforts to arrange initial depositions began.

In the end, further discovery must be completed before expert needs can be determined.  In addition, once relevant discovery is completed, further time is needed to allow experts to review the evidence revealed through discovery.  Good cause therefore exists for a ninety (90) day extension of the expert disclosure deadlines, as stipulated to by the parties.

IT IS AGREED.

THE ISON LAW GROUP

Dated:  June 23, 2006                         By:    / s / Elizabeth R. Ison
                                              Elizabeth R. Ison, Esq.
                                              Attorney for Defendants
                                              ENTERPRISE RENT-A-CAR COMPANY
                                              AND ENTERPRISE RENT-A-CAR
                                              COMPANY OF SACRAMENTO
                                              JOHNSON & JOHNSON

1

Dated:  June 23,2006                    By:  ___/ s / Peter Johnson_____

2
                                        Peter Johnson, Esq.
                                        Attorney for Plaintiff
3

4

5                              **ORDER**

6  The extensions set forth above are approved.  All other dates set in the Status (Pre-Trial

7  Scheduling) Order of May 5, 2005, remain as previously set.  IT IS SO ORDERED.

8  Dated:   June 23, 2006.

9

10

11  _____

12               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28